## UNITED STATES v. BRADLEY.
### No. 5703.

Circuit Court of Appeals, Seventh Circuit.
May 2, 1936.

Howard L. Doyle, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill.

John E. Dougherty and Louis Van Dyke, both of Peoria, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

The Naturalization Department of the United States Government is asking the Judicial Department of the Government to say what the Legislative Department of the Government meant when they used the following language in the passage of the Act of May 24, 1934, 48 Stat. 797 (section 4 [8 U.S.C.A. § 368]), to amend the law relative to citizenship and naturalization:

"Sec. 4. Section 2 of the Act entitled 'An Act relative to the naturalization and citizenship of married women,' approved September 22, 1922, is amended to read as follows:

"'Sec. 2. That an alien who marries a citizen of the United States, after the passage of this Act, as here amended, or an alien whose husband or wife is naturalized after the passage of this Act, as here amended, shall not become a citizen of the United States by reason of such marriage or naturalization; but, if eligible to citizenship, he or she may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"'(a) No declaration of intention shall be required.

"'(b) In lieu of the five-year period of residence within the United States and the one-year period of residence within the State or Territory where the naturalization court is held, he or she shall have resided continuously in the United States, Hawaii, Alaska, or Porto Rico for at least three years immediately preceding the filing of the petition.'"

The section as it existed prior to amendment (42 Stat. 1022 [8 U.S.C.A. § 368]) read as follows:

"Sec. 2. Any woman who marries a citizen of the United States after September 22, 1922, or any woman whose husband is naturalized after that date, shall not become a citizen of the United States by reason of such marriage or naturalization; but, if eligible to citizenship, she may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"(a) No declaration of intention shall be required;

"(b) In lieu of the five-year period of residence within the United States and the one-year period of residence within the State or Territory where the naturalization court is held, she shall have resided continuously in the United States, Hawaii, Alaska, or Porto Rico for at least one year immediately preceding the filing of the petition."

[1] The District Court construed the language of the amendment "after the passage of this Act, as here amended," as referring

to the date of the passage of the original act, September 22, 1922. Appellant contends for a construction that would make the language "after the passage of this Act, as here amended" mean after May 24, 1934, the date of the amendment. The compilers of the Code have adopted the latter construction and written such language into the act, 8 U.S.C.A. § 368. However, in our interpretation of the law, we will go back of the Code itself to the language of the original act (see footnote 1[1]).

Appellee Bradley entered the United States from Canada on May 28, 1915. On June 1, 1921, he married Mary Nolan Bradley, who afterwards on May 1, 1923, became a naturalized citizen of the United States. Appellee sought citizenship under the provisions of the amendment of May 24, 1934, which, if applicable to him, accorded him certain privileges not theretofore existing, in that he was relieved from making a Declaration of Intention, and in lieu of the five-year period of residence within the United States and the one year period of residence within the state where the naturalization court is held, a three-year residence within the United States or its territories was deemed sufficient.

Whether he is entitled to the benefits of this act is dependent upon the construction to be given the language as heretofore indicated. The naturalization examiner asserted that applicant was ineligible because his wife had not become naturalized after May 24, 1934, the date of the amendment; appellee averred that the language in question referred to the date of the original act and that he was eligible by reason of his wife's naturalization in 1923. The District Court adopted the latter view.

Under the act of 1922 a woman was accorded the privilege of naturalization under certain conditions. Let us assume that her husband was naturalized in 1926, but that she had prior to the amendment failed to apply for naturalization. She now desires to become a citizen. Assume further that the amendment of May 24, 1934, is construed to apply only to an alien whose spouse was naturalized after May 24, 1934, and that such language does not relate back to September 22, 1922. The woman, thus qualified, and entitled to citizenship would, under such construction be divested of the privilege granted by the act of 1922. She would be relegated to the less favorable provisions of previous laws. Clearly this was not the intention of Congress. The whole spirit of the amendment is one of broadening the privilege of citizenship. For all practical purposes the amendment of 1934 merely extended the privilege granted a "woman" to an "alien" regardless of sex.

If it was not intended that the amendment refer back to September 22, 1922, the Congress might have circumvented the situation suggested by leaving the old act intact and using the word "man" instead of "alien" in a new act. If the construction contended for by appellant was intended Congress might well have said "after the amendment to this act" instead of "after this act, as here amended"; or Congress might well have repealed the Act of September 22, 1922, and passed a new act instead of an amendment as of May 24, 1934. May it not reasonably be said that Congress chose to amend the 1922 act rather than pass an independent act, for the reason that they wished to make the more favorable provisions available to all aliens who had acquired the status there defined any time after September 22, 1922. The fact that Congress sought to extend the more favorable provision to alien men in no way justifies the conclusion that it was their purpose to in any way abridge the privileges theretofore accorded alien women.

Appellant contends that appellee's construction of the amendment would render the act retroactive. We think not. Authority is abundant to support the proposition that an act is not retroactive mere-

[1] Footnote 1. The matter set forth in the Code, * * * shall establish prima facie the laws of the United States, general and permanent in their nature in force on the 7th day of December, 1925; but nothing in this Act shall be construed as repealing or amending any such law, or as enacting as new law any matter contained in the Code. In case of any inconsistency arising through omission or otherwise between the provisions of any section of this Code and the corresponding portion of legislation heretofore enacted, effect shall be given for all purposes whatsoever to such enactments. 44 Stat. part 1, p. 1; Titles 1–4 U.S.C.A., p. 4, § 2, subsec. (a). See, also, Warner v. Goltra, 293 U.S. 155, 55 S.Ct. 46, 79 L. Ed. 254.

ly because it involves facts which antedate the passage of the act.

In the case of Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 155, 67 L.Ed. 332, where the Court had under consideration an act of Congress that forbade entry upon public lands until same had been surveyed, with a proviso that one "who has, prior to survey, taken possession" should be given certain preferences, the court held that one who had taken possession of unsurveyed lands before the passage of the act should be entitled to the benefit of the proviso. In speaking for the court, Justice Sutherland said: "Any such person, no less than one who acted subsequently, is within the words of the proviso. He is literally 'a person who has, prior to survey, taken possession,' etc. The proviso so construed impairs no vested right and brings into existence no new obligation which affects any private interest. No reason is perceived why the words employed should not be given their natural application and so applied the case of appellee is included. Indeed, this does not give the proviso a retroactive operation. The language in terms applies to one who at the time of the enactment occupied a particular status viz. the status of a person who has done the things enumerated. A statute is not made retroactive merely because it draws upon antecedent facts for its operation."

In the case of Reynolds v. United States, 292 U.S. 443, 54 S.Ct. 800, 803, 78 L.Ed. 1353, Justice Sutherland again used the following language: "A statute is not rendered retroactive merely because the facts or requisites upon which its subsequent action depends, or some of them, are drawn from a time antecedent to the enactment." See, also, U. S. v. Trans-Missouri Freight Association, 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007.

Viewed in the light of the previous legislation of Congress in reference to the naturalization of aliens and viewed in the light of the previous liberal interpretation accorded such legislation by the courts, we believe the construction adopted by the District Court the more reasonable.

The judgment is affirmed.

Affirmed.