**UNITED STATES v. BALESTRA.**

No. 6134.

Circuit Court of Appeals, Third Circuit.

Jan. 25, 1937.

Charles D. McAvoy, U. S. Atty., and Gerald A. Gleeson and J. Barton Rettew, Jr., Asst. U. S. Attys., all of Philadelphia, Pa., for appellant.

Nazareno Balestra, pro se.

Before BUFFINGTON, Circuit Judge, and KIRKPATRICK and MARIS, District Judges.

KIRKPATRICK, District Judge.

This petition for naturalization was filed under the provisions of section 4 of the Act of May 24, 1934, 48 Stat. 797 (8 U.S.C.A. § 368), which amends section 2 of the Act of September 22, 1922, 42 Stat. 1022 (8 U.S.C.A. § 368). The petitioner is an alien who married an American woman, a citizen, in 1926.

The pertinent provision of the act of 1934 is "an alien who marries a citizen of the United States, after the passage of this Act, as here amended [May 24, 1934] * * * may be naturalized" without declaration of intention and upon three years' residence instead of five.

The act of 1922 as enacted applied only to alien women. Its provision was "any woman who marries a citizen of the United States after the passage of this Act [September 22, 1922] * * * may be naturalized," etc. Section 2.

The question is whether or not the petitioner's case comes within the terms of the act of 1934. This depends entirely upon what statute was meant by the phrase "this Act, as here amended." If those words refer to the act of 1934, as the government contends, the appellee, of course, cannot avail himself of its provisions, since he did not marry after its passage.

Concededly "this Act" meant either the act of 1922 or the act of 1934. The phrase "as here amended" was added to indicate which of the two acts Congress had in mind. As the court below pointed out, this description could fit only the act of 1922. It could not refer to the act of 1934 because that act was not "here amended."

■ Against this common sense interpretation, the government urges that it involves construing the act of 1934 retroactively. That may be true, and it is also true that a retroactive construction is usually to be avoided. On the other hand, the rule against such an interpretation is merely a more or less artificial aid in arriving at the true intention of the Legislature, and will not govern if in conflict with the general objectives of the legislation. Now, the purpose of the act of 1934 undoubtedly was to extend to men the privileges which the act of 1922 had already conferred on women aliens, at the same time modifying the rights accorded by fixing the necessary period of residence for all aliens at three years. However, if the construction which the government urges is adopted, the result is that the act of 1922 will be entirely repealed by implication. This was clearly pointed out by the Circuit Court of Appeals for the Seventh Circuit in United States v. Bradley, 83 F.(2d) 483. We agree with that court and adopt the construction that "this Act, as here amended" means the act of 1922.

The order of the District Court is affirmed.