## In re EKLUND.

District Court, D. Minnesota, Fourth Division.

July 1, 1937.

NORDBYE, District Judge.

The petitioner was born January 14, 1898, at Ahamedabad, India. Her father was a native and subject of Canada. Petitioner's husband, Gilbert Willard Eklund, was born in Minnesota and is located at Bombay, India, where he is engaged in the practice of dentistry. He is an American citizen. Petitioner was married in India to

Mr. Eklund on May 4, 1929, and continued to reside there until February, 1936, when she legally entered the United States at New York. On completion of her one year's residence in the United States, to wit, on March 3, 1937, she filed a petition for naturalization. She seeks naturalization under section 2 of the Act of September 22, 1922 (42 Stat. 1022, 8 U.S.C.A. § 368), which reads:

"Any woman who marries a citizen of the United States after September 22, 1922, or any woman whose husband is naturalized.after that date, shall not become a citizen of the United States by reason of such marriage or naturalization; but, if eligible to citizenship, she may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"(a) No declaration of intention shall be required;

"(b) In lieu of the five-year period of residence within the United States and the one-year period of residence within the State or Territory where the naturalization court is held, she shall have resided continuously in the United States, Hawaii, Alaska, or Porto Rico for at least one year immediately preceding the filing of the petition."

This act, however, was amended on May 24, 1934, 48 Stat. 797, § 4 (8 U.S.C.A. § 368), and provides:

"Sec. 4. Section 2 of the Act entitled 'An Act relative to the naturalization and citizenship of married women,' approved September 22, 1922, is amended to read as follows:

"'Sec. 2. That an alien who marries a citizen of the United States, after the passage of this Act, as here amended, or an alien whose husband or wife is naturalized after the passage of this Act, as here amended, shall not become a citizen of the United States by reason of such marriage or naturalization; but, if eligible to citizenship, he or she may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"'(a) No declaration of intention shall be required.

"'(b) In lieu of the five-year period of residence within the United States and the one-year period of residence within the State or Territory where the naturalization court is held, he or she shall have resided continuously in the United States, Hawaii, Alaska, or Porto Rico for at least three years immediately preceding the filing of the petition.'"

The question presented is whether petitioner must reside in the United States one year or three years immediately preceding the filing of her petition. The answer depends on the effect of the amendment of May 24, 1934. It is the view of the Immigration and Naturalization Service that an alien woman who married a citizen of the United States after September 22, 1922, and before May 24, 1934, may be naturalized upon proof of residence in the United States for at least one year immediately preceding the filing of the petition. General Order No. 211, August 2, 1934, promulgated by that department, reads as follows:

"Although Section 4 of the Citizenship Act of 1934 amends Section 2 of the so-called Cable Act (Act of September 22, 1922, 42 Stat. 1022; U.S.C., tit. 8, Sec. 368) the original and unamended form of Section 2 of said Cable Act continues to operate in part, and even after May 24, 1934, vests citizenship as follows; any alien woman who married a citizen of the United States after September 21, 1922, and before 12 noon E. S. T. May 24, 1934, or any alien woman who was married prior to 12 noon May 24, 1934, and whose husband was naturalized between September 21, 1922, and 12 noon E. S. T. May 24, 1934, if eligible to citizenship, may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions;

"(a) No declaration of intention shall be required;

"(b) In lieu of the five-year period of residence within the United States, the six-month period of residence in the county, and the one-year period of residence within the State or Territory where the naturalization court is held, she shall have resided continuously in the United States, Hawaii, Alaska, or Puerto Rico for at least one year immediately preceding the filing of the petition."

However, the department's construction is obviously incorrect if the language of the amendment "after the passage of this Act, as here amended," refers to the date of the passage of the original act of September 22, 1922. If that be true, then an alien who married a citizen after September 22, 1922, or whose spouse became nat-

uralized after that date, and seeks citizenship under the act, must reside in the places designated for the period of three years immediately preceding the filing of the petition.

The compilers of the Code first adopted the same construction as the general order above quoted. They wrote such construction into the act by using the following language (8 U.S.C.A. § 368): "An alien who marries a citizen of the United States, after May 24, 1934, or an alien whose husband or wife is naturalized after May 24, 1934, shall not become a citizen of the United States by reason of such marriage or naturalization."

But in the republication of this statute in May, 1937, the act was rewritten by the code writers to read as follows: "An alien who marries a citizen of the United States, after September 22, 1922, or an alien whose husband or wife is naturalized after September 22, 1922, shall not become a citizen of the United States by reason of such marriage or naturalization."

Prior to the amendment, the privilege of citizenship upon the marriage to a citizen was accorded only to women. Congress apparently sought to broaden the scope of the act so as to include both sexes. The only act that was amended was the original act of September 22, 1922. The 1934 act was not amended. It seems reasonably clear from the language used that Congress intended to permit both men and women who were married to citizens after September 22, 1922, to petition for naturalization in accordance with the terms of the act, but, while both sexes were accorded the same privilege upon marriage to citizens, the residence requirement was increased from one year to three years. There is no basis for the contention or construction that any part of the act of September 22, 1922, remained unamended, or that any reservation was made of the one-year residence requirement for women who were married between September 22, 1922, and May 24, 1934. No alien woman acquired any vested right in the one-year residence privilege. If the language of the 1934 amendment "after the passage of this Act, as here amended," refers to the date of the passage of the original act (September 22, 1922), then it necessarily follows that alien men and women whose spouses were or became citizens within the provisions of the act are now subject to the same residence requirements. That is, any alien man or woman who marries a citizen of the United States after September 22, 1922, or whose spouse became a citizen after September 22, 1922, is entitled to the privilege of this act, but such alien must reside in the United States, Hawaii, Alaska, or Puerto Rico for at least three years immediately preceding the filing of the petition. The confusion has arisen because of the interpretation first given the amendment by the compilers of the Code, but the case of United States v. Bradley (C.C.A.) 83 F.(2d) 483, and the republication of the act in May, 1937, have clarified the situation, and the views expressed herein are in accordance with the construction given this same statute by that court and the compilers of the Code.

In the Bradley Case, it appeared that appellee, Bradley, entered the United States from Canada on May 28, 1915. On June 1, 1921, he married a woman who afterwards on May 1, 1923, became a naturalized citizen of the United States. Bradley sought citizenship under the provisions of the amendment of May 24, 1934. The naturalization examiner asserted that Bradley was ineligible because his wife had not become naturalized after May 24, 1934, the date of the amendment. Bradley contended that the language in question referred to the date of the original act, and that he was eligible by reason of his wife's naturalization in 1923. The court stated at page 484 of 83 F.(2d):

"Under the act of 1922 a woman was accorded the privilege of naturalization under certain conditions. Let us assume that her husband was naturalized in 1926, but that she had prior to the amendment failed to apply for naturalization. She now desires to become a citizen. Assume further that the amendment of May 24, 1934, is construed to apply only to an alien whose spouse was naturalized after May 24, 1934, and that such language does not relate back to September 22, 1922. The woman, thus qualified, and entitled to citizenship would, under such construction be divested of the privilege granted by the act of 1922. She would be relegated to the less favorable provisions of previous laws. Clearly this was not the intention of Congress. The whole spirit of the amendment is one of broadening the privilege of citizenship. For all practical purposes the amendment of 1934 merely extended the privilege granted a 'woman' to an 'alien' regardless of sex.

"If it was not intended that the amendment refer back to September 22, 1922, the Congress might have circumvented the situation suggested by leaving the old act intact and using the word 'man' instead of 'alien' in a new act. If the construction contended for by appellant was intended Congress might well have said 'after the amendment to this act' instead of 'after this act, as here amended'; or Congress might well have repealed the Act of September 22, 1922, and passed a new act instead of an amendment as of May 24, 1934. May it not reasonably be said that Congress chose to amend the 1922 act rather than pass an independent act, for the reason that they wished to make the more favorable provisions available to all aliens who had acquired the status there defined any time after September 22, 1922."

A similar situation was presented in United States v. Balestra (C.C.A.3) 88 F. (2d) 43. The court stated, at page 44 of 88 F.(2d): "Now, the purpose of the act of 1934 undoubtedly was to extend to men the privileges which the act of 1922 had already conferred on women aliens, at the same time modifying the rights accorded by fixing the necessary period of residence for all aliens at three years."

It follows, therefore, that the petition herein must be denied.