## In re KALINOGLOU.
### No. 10557.

District Court for the District of Columbia.
April 5, 1938.

P. J. Phillips and E. E. Cole, Naturalization Examiners, both of Washington, D. C., for the United States.

LETTS, Justice.

The petition for citizenship of Anna Hourmouziades Kalinoglou was filed in this

court on January 22, 1937, at which time the petitioner had resided in the United States less than three years but more than one year. She was married to a citizen on January 28, 1934, and entered the United States on January 16, 1935. Her case presents the question; whether a female applicant who could have been naturalized upon the establishment of one year's residence under the Act of September 22, 1922, is now required, under the amendment of May 24, 1934, to establish three years' residence.

Section 2 of the Act of September 22, 1922, provided a simplified procedure for the naturalization of a woman who married a citizen, or whose husband was naturalized, after the passage of that act. It exempted her, among other things, from establishing but one year's residence in the United States in lieu of the usual five-year period. This law read as follows (42 Stat. 1022, U.S.C. title 8, § 368, 8 U.S.C.A. § 368):

"Sec. 2. That any woman who marries a citizen of the United States after the passage of this Act, or any woman whose husband is naturalized after the passage of this Act, shall not become a citizen of the United States by reason of such marriage or naturalization; but, if eligible to citizenship, she may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"(a) No declaration of intention shall be required;

"(b) In lieu of the five-year period of residence within the United States and the one-year period of residence within the State or Territory where the naturalization court is held, she shall have resided continuously in the United States, Hawaii, Alaska, or Porto Rico for at least one year immediately preceding the filing of the petition."

No change was made in this law until the passage of the Act of May 24, 1934, section 4 of which provided a simplified procedure for the naturalization of a woman or a man who married a citizen, or whose husband or wife was naturalized after marriage. This act reads as follows (48 Stat. 797, U.S.C. title 8, § 368):

"Sec. 4. Section 2 of the Act entitled 'An Act relative to the naturalization and citizenship of married women,' approved September 22, 1922, is amended to read as follows:

"'Sec. 2. That an alien who marries a citizen of the United States, after the passage of this Act, as here amended, or an alien whose husband or wife is naturalized after the passage of this Act, as here amended, shall not become a citizen of the United States by reason of such marriage or naturalization; but, if eligible to citizenship, he or she may be naturalized upon full and complete compliance with all requirements of the naturalization laws, with the following exceptions:

"'(a) No declaration of intention shall be required.

"'(b) In lieu of the five-year period of residence within the United States and the one-year period of residence within the State or Territory where the naturalization court is held, he or she shall have resided continuously in the United States, Hawaii, Alaska, or Porto Rico for at least three years immediately preceding the filing of the petition.'"

This court in the case of Anthony D'Alexander[1] held that the male petitioner who married a citizen on July 18, 1932, was entitled to citizenship under the Act of May 24, 1934. The court therein held that the exemptions accorded by the Act of May 24, 1934, related back to the date of the passage of the original act, September 22, 1922. Such ruling was in accord with United States v. Bradley, 7 Cir., 83 F.2d 483, wherein it was held that the Act of May 24, 1934, was retroactive and referred back to the original act of September 22, 1922. The result reached required a male applicant who married a citizen, or whose wife was naturalized after September 22, 1922, to establish three years residence only.

In United States v. Bradley, supra, the court held that the Act of May 24, 1934, was amendatory of the Act of September 22, 1922, and that the whole spirit of the amendment is one of broadening the privilege of citizenship. The court therein said that for all practical purposes the amendment of 1934 merely extended the privilege granted a woman to an alien regardless of sex. That court took the view that Congress by the amendment of 1934 sought to extend the more favorable provisions to alien men and suggests that such legislative act in no way justifies the conclusion that it was the purpose of Congress to in any way abridge the privileges theretofore accorded alien women.

---

[1] No opinion for publication.

The conclusion seems inescapable that the act of 1934 is an amendment to the act of 1922. Nothing in the amendment indicates an intention on the part of Congress to repeal the favorable provisions of the act of 1922 accorded alien women. The act of 1934, without destroying the benefits extended to alien women therein conferred, sought to further liberalize the law with respect to alien men.

An alien woman of an eligible class, as applicant is, who married a citizen after the approval of the original act of 1922 and before the approval of the amendment of 1934, or whose husband was naturalized within that period, may be naturalized upon the establishment of one year's residence. The applicant is entitled to the benefits of the law as so construed.