**In re SCHWARZ.**

No. 246–P–69220.

District Court, S. D. California, Central Division.

Aug. 15, 1940.

J. F. T. O'Connor, of Los Angeles, Cal., for petitioner.

Bruce G. Barber, Naturalization Examiner, of Los Angeles, Cal., for the Government.

JENNEY, District Judge.

The petition of Hans Schwarz for admission to citizenship in the United States was submitted, after a hearing in open court, upon a stipulation of facts.

The agreed and material facts are as follows: Petitioner, a native of Austria, came to the United States and was lawfully admitted for permanent residence on October 20, 1933. He filed his declaration of intention on April 14, 1934. On December 18, 1935, the Commissioner of Immigration and Naturalization granted petitioner a re-entry permit for one year, and on January 15, 1936, petitioner departed for England. He was then under contract as a motion picture director with the United Artists Corporation of Hollywood and was going abroad solely in the employ of that corporation. This corporation was then engaged in the production and distribution of motion pictures in the United States and abroad.

On May 12, 1936, petitioner wrote from London to the Commissioner of Immigration and Naturalization, stating that he must, in order not to lose the benefits accruing to him under his declaration of intention, return to the United States before June 18, 1936, but that he would be unable to complete work on the picture he was directing until after that date. He therefore requested an extension of six months within which to return. On July 3, 1936, an assistant to the Commissioner of Immigration and Naturalization answered petitioner's letter, enclosing a self-explanatory form and directing his attention to the second paragraph thereof, setting forth the general residence requirements of the naturalization laws. This assistant also enclosed with his letter a copy of the act effective June 25, 1936, amending residence requirements of the naturalization laws. He then advised Mr. Schwarz that the matter of whether or no an absence had broken the continuity of residence, for naturalization purposes, is determined only at the time the application for naturalization comes up for hearing.

Petitioner returned to the United States on September 20, 1937. He had been out of the United States one year, eight months and five days, and out of the United States, since the June 25, 1936, amendment, one year, two months and twenty-five days. It was not until June 12, 1939,

that any formal application was made for the benefits of the act of June 25, 1936, at which time the petitioner executed Form 2363 prescribed by the Secretary of Labor for making application for the benefits of that act. On October 31, 1939, petitioner filed his petition for naturalization. On December 20, 1939, the Secretary of Labor in her decision concluded that petitioner "was employed by an American corporation engaged in whole or in part in the development of foreign trade and commerce of the United States, and that his absence from the United States from January, 1936 to September 1937, was to be engaged in the development of such foreign trade and commerce." The Secretary of Labor, however, expressed no opinion as to whether or no petitioner had filed an application and moved to claim the benefits of the act of June 25, 1936, within the time limit required by that act. The decision stated that determination of that question was to be left to the court which might hear Schwarz' petition for naturalization.

The last sentence of the second paragraph of the fourth subdivision of section 4 of the Naturalization Act of June 29, 1906, 8 U.S.C.A. § 382, as amended March 2, 1929, 45 Stat. 1514, provided that: "Absence from the United States for a continuous period of one year or more during the period immediately preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship shall break the continuity of such residence."

The above-quoted language was not disturbed by the amendment of June 25, 1936, 49 Stat. 1925. This amendment merely struck out the period after the word "residence" at the end of the above-quoted language, and inserted a comma in lieu thereof. There was then added an exception applying to an alien declarant for citizenship, employed by or under contract with the Government of the United States or an American institution of research recognized as such by the Secretary of Labor, or employed by an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States or a subsidiary thereof.

When this said second paragraph of the fourth subdivision of said section 4 was amended on June 29, 1938, the portion of said section, above quoted, was reframed to read as follows, (emphasis and brackets are ours—the italicized words being new and the words in brackets having been omitted) :—"Absence from the United States for a continuous period of one year or more during the period *for which continuous residence is required for admission to citizenship* immediately preceding the date of filing the petition for [citizenship for which continuous residence is required as a condition precedent to admission to citizenship] *naturalization or during the period between the date of filing the petition and the date of final hearing,* shall break the continuity of such residence, * * *."

It will be noted that, except for the inclusion of the language with respect to the period between the date of filing the petition and the date of final hearing (which does not concern Mr. Schwarz), the above-indicated portion of the act has merely been recast.

Furthermore, the 1938 amendment of the language of the exception added by the 1936 amendment does not in any way affect Mr. Schwarz. Thus, whether we apply the 1936 or the 1938 exception to Mr. Schwarz, the result is the same.

When Mr. Schwarz left the United States on January 15, 1936, he knew he would have to be back in the United States within one year, unless he was to lose the benefits accruing to him under his declaration of intention. And if he had returned on or before January 14, 1937, he would never have had to concern himself with the requirements of the 1936 amendment.

Furthermore, Section 2 of the 1936 act provides that no period of residence outside the United States, during the five years immediately preceding the date of enactment of that act (June 25, 1936), shall be held to have broken the continuity of residence if the alien can bring himself within the provisions of said Section 2. Mr. Schwarz has satisfied the Secretary of Labor and the court, with respect to the period prior to June 25, 1936, (and there is no time limitation as to when he should so satisfy them) and he would have had until June 25, 1937, under the language preceding the exception, hereinabove quoted and discussed, to return to the United States.

An alien is offered under certain definite conditions the privilege of citizenship by virtue of specific acts of Congress. The Constitution does not confer the right to naturalization. It merely authorizes the Congress to establish a uniform rule therefor. Art. 1, Sec. 8, Clause 4. The opportunity having been conferred by the Naturalization Act and acts amendatory thereof, the alien may accept the offer and become a citizen upon compliance with the prescribed conditions, but not otherwise. Title 8 U.S.C.A. § 372. His claim is of favor, not of right. There is no such thing as the "right to naturalization," and an applicant for this high privilege must conform strictly to the terms alone upon which the right he seeks can be conferred. Tutun v. United States, 270 U.S. 568, 578, 46 S.Ct. 425, 70 L.Ed. 738; U. S. v. Ginsberg, 243 U.S. 472, 475, 37 S.Ct. 422, 61 L.Ed. 853; Luria v. United States, 231 U.S. 9, 22, 34 S.Ct. 10, 58 L.Ed. 101.

The 1936 amendment is only an exception to, and not a limitation upon, the language preceding the exception. Thus Mr. Schwarz had until June 25, 1937 to satisfy the Secretary of Labor, during which time, to wit: from June 25, 1936, to June 25, 1937, he was absent from the United States under the provisions of the law preceding the exception. If the Secretary of Labor did not indicate her satisfaction in a timely manner, Mr. Schwarz could have returned to the United States before June 25, 1937, and he would never have come under the provisions of the exception.

This construction of the 1936 act is reinforced by the language of the savings clause of the 1938 amendment, 8 U.S.C.A. § 382 note, to wit: "This amendment shall not affect cases of aliens who prior to the date of its enactment have established to the satisfaction of the Secretary of Labor, pursuant to an Act entitled 'An Act to amend the naturalization laws in respect of residence requirements, and for other purposes', approved June 25, 1936, * * * that absence from the United States was to be or had been for the purpose of carrying on activities described therein," which infers that all who were affected by the 1936 amendment had already satisfied the Secretary of Labor and would not be required to do so again because of the 1938 amendment.

We regret that we are unable to entirely follow the Zaoral case, No. 172440, D.C., No. D. of Ill., E.D., 34 F.Supp. 930, the only case cited by petitioner.

The petition is denied.