# REYNOLDS *v.* UNITED STATES.

No. 734.   Argued May 3, 1934.—Decided May 28, 1934.

*Mr. Francis W. Hill, Jr.,* for petitioner.

*Mr. H. Brian Holland,* with whom *Solicitor General Biggs, Assistant Attorney General Sweeney,* and *Mr. Paul A. Sweeney* were on the brief, for the United States.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This suit was brought in the Court of Claims by petitioner, an honorably discharged veteran of the Spanish-American War, to recover judgment against the United States for money deducted from his pension on account of board furnished him while he was an inmate of St. Elizabeths Hospital. He was committed to the hospital as an insane person on June 19, 1911, and remained there until April 25, 1930, when he was discharged in the custody of his brother. Thereafter, petitioner regained his sanity and was of sound mind when this suit was prosecuted. During the entire period of his confinement he suffered from a neuropsychiatric ailment. Preceding the time of his discharge from the hospital there had been placed to his credit on the books of the institution, under the certificate of the Bureau of Pensions, $4,036, representing funds paid to the institution by the Bureau of Pensions on his behalf. Upon his discharge the hospital deducted from these pension funds a sum which had been advanced to him for clothing and cash, and applied the remaining $3,259.17 on account of board furnished during the period of his confinement. Petitioner, at the time, protested against the application thus made and against the refusal of the hospital to pay over to him the amount so withheld.

Shortly after his discharge from the hospital, application was made on his behalf to the Director of the Veterans' Bureau for an order authorizing and directing his hospitalization at St. Elizabeths Hospital from the effec-

tive date of the World War Veterans' Act of June 7, 1924, to the date of his discharge, April 25, 1930. The director held that since no application had been made by petitioner or by anyone acting in his behalf until after his discharge, the question was moot, and the director was without authority of law to issue a retroactive order authorizing hospitalization in such a case. Following this ruling, however, the bureau issued a certificate recognizing petitioner as a veteran entitled to hospitalization under § 202 (10) of the World War Veterans' Act of 1924, as amended.

Petitioner, by three successive enlistments, served in the army of the United States from November 30, 1897, until January 25, 1907, at which time he was honorably discharged by reason of the expiration of his term of service.

The Court of Claims denied petitioner's right to recover and dismissed his petition. 78 Ct. Cls. 401.

Section 202 (10) of the World War Veterans' Act, as amended (U.S.C., App., Title 38, § 484), directs that all hospital facilities under the control and jurisdiction of the Veterans' Bureau shall be available " for every honorably discharged veteran of the Spanish-American War, . . . suffering from neuropsychiatric . . . ailments," with the following proviso:

" That the pension of a veteran entitled to hospitalization under this subdivision shall not be subject to deduction, while such veteran is hospitalized in any Government hospital, for board, maintenance, or any other purpose incident to hospitalization."

This proviso appeared for the first time in the Act of July 2, 1926, c. 723, § 9, 44 Stat. 794.

The Veterans' Bureau had and exercised the right to make use of St. Elizabeths Hospital for insane veterans; and this, we think, satisfied the requirement contemplated by the statute that the hospital facilities (not the hospi-

tal) shall be under the control and jurisdiction of that bureau.

The court below, in ruling against petitioner, proceeded upon the theory that a court is without jurisdiction to entertain a proceeding for the determination of the question whether a veteran is entitled to hospital facilities, to order his hospitalization, or to certify his right thereto—those being matters, the court said, within the sole authority of the director of the bureau. Granting the correctness of this view, we are of opinion that it does not apply in this case. The undisputed and indisputable facts bring the veteran within the requirements of the statute. Undoubtedly, therefore, as matter of law, he was entitled to the hospital facilities of St. Elizabeths, and if timely application had been made to the director of the bureau, a refusal upon his part to order the hospitalization would have been wholly without evidentiary support, clearly arbitrary and capricious, and would not, upon well settled principles, have concluded the courts. *Silberschein* v. *United States,* 266 U.S. 221, 225, and authorities cited; *United States* v. *Williams,* 278 U.S. 255, 257. So much, indeed, seems to be within the concession made in the brief and argument for the government:

" It may be conceded at the outset that if a court may determine whether a person is entitled to hospitalization under the statute when the Director of the Veterans' Bureau has not passed upon the facts of the case, the petitioner has stated and proved a good cause of action, and the court below erred in rendering judgment in favor of the United States."

Here no application was made to the director for the sufficient reason that petitioner was mentally, and therefore legally, incapable of making it; and apparently he had no guardian to act for him. However, his condition being certified to the Secretary of the Interior, in virtue of a statutory provision, that official, acting under the

statute, ordered petitioner confined at St. Elizabeths Hospital; and to that hospital he was accordingly committed and there held until his discharge in 1930. It would, perhaps, not be going too far to say that the hospital authorities were charged with the duty of making application to the director if under these circumstances any further steps were required. We, therefore, do not have the case of an insane person seeking at the hands of a court an order awarding him the facilities of the hospital, but that of one who having been accorded such facilities was in and entitled to be in the possession and use of them as of right.

In this state of affairs, about which there is and can be no dispute, the only question presented to the court below was whether, under the proviso already quoted, the pension of petitioner was subject to deduction for board. The purpose of that proviso was to exempt pensions of the class named from hospital charges like the one here involved, and thereby cure what Congress deemed a defect in the prior law. The language is clear and explicit, namely, " that the pension of a veteran entitled to hospitalization under this subdivision shall not be subject to deduction, while such veteran is hospitalized . . ., for board . . ." Given their natural meaning, these words plainly are applicable to the situation with which the court below was called upon to deal. The result is that the hospital was without authority to retain the funds here in question, and the court below should have given judgment for petitioner.

The final contention of the government is that, in any event, petitioner is not entitled to recover so much of the funds withheld by the hospital as equal the charges for board furnished prior to July 2, 1926, when the proviso first came into effect, since to allow him to do so, it is said, would be to give the proviso a retroactive operation contrary to the intention of Congress. The evidence of

such intention is said to lie in the fact that the bill as it passed the House contained an additional provision to the effect that when any such deductions " have heretofore been made " the Veterans' Bureau shall reimburse the veterans concerned in amounts equal thereto; and that this provision was rejected by the Senate and finally eliminated from the bill; thus evincing the intention of Congress that the proviso should operate prospectively only.

But the rejected provision spoke only of deductions made before the enactment of the proviso, and the deduction in the present case was not so made. The court below found that at the time of petitioner's discharge from the hospital the sum of the pension payments which had been credited to him on the books of that institution was $4,036; and that *upon his discharge* the hospital deducted the amount here in dispute on account of board from May 7, 1922, to February 6, 1930. The deduction, therefore, was not one which had " heretofore been made," but was one made long after the passage of the proviso and did not come within the terms of the rejected provision. Certainly Congress has power to relieve a pension paid by the federal government from liability to answer for a preëxisting unpaid debt owing to a governmental institution, as well as one thereafter incurred; and it seems entirely clear that the proviso in question was so intended. The liability for board arose from continuous charges, beginning before the proviso was passed and ending at the time of petitioner's discharge, when the pension funds credited to petitioner and then in the hands of the hospital were taken over, or " deducted," in settlement of the then existing account for board—a proceeding plainly forbidden by the proviso.

But in no aspect of the matter would the allowance of that portion of the amount sued for which was applicable to board furnished prior to July 2, 1926, cause the proviso

to operate retroactively. A statute is not rendered retroactive merely because the facts or requisites upon which its subsequent action depends, or some of them, are drawn from a time antecedent to the enactment. *Cox* v. *Hart,* 260 U.S. 427, 435, and cases cited.

*Judgment reversed with directions to enter judgment for petitioner.*

Mr. Justice Stone and Mr. Justice Cardozo dissent.