449 P.2d 85

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Cody Harris MEARS, aka Cody Harris Mears Stark and Esteban Estrada Medina and Cody Harris Stark, Defendant-Appellant.**

No. 256.

Court of Appeals of New Mexico.

Dec. 27, 1968.

R. E. Richards, Girand, Cowan & Reese, Hobbs, for defendant-appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SPIESS, Chief Judge.

Defendant was convicted on May 26, 1967, of issuing a worthless check contrary to § 40–49–4, N.M.S.A.1953, and was sentenced to serve not less than one nor more than three years in The Penitentiary of New Mexico, the sentence beginning with the fifth day of November, 1966.

Defendant attacked the sentence imposed by the trial court by motion pursuant to Rule 93, [§ 21–1–1(93), N.M.S.A.1953 (Supp.1967)] and has appealed from an order denying relief without a hearing.

The sole claim made by defendant in the trial court and renewed on appeal is that he is entitled to a credit upon the sentence imposed of 172 days, being the time he was allegedly incarcerated between April 2, 1966, and November 5, 1966, upon the charges which resulted in the conviction. The claim is based upon § 40A–29–25, N.M.S.A.1953 (Supp.1967), which became effective March 31st, 1967, reading as follows:

"A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense."

Appellee contends that § 40A–29–25, supra, is not applicable under the circumstances present here. The reasoning apparently is that the statute granting credit for presentence confinement was not in effect at the time of such confinement and that to relate the statute to such confinement would require that it be applied retroactively.

It is well settled that a statute does not operate retroactively merely because

some of the facts or conditions upon which its application depends came into existence prior to the enactment. Lewis v. Fidelity & Deposit Co., 292 U.S. 559, 54 S.Ct. 848, 78 L.Ed. 1425, 92 A.L.R. 794 (1934); Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 67 L. Ed. 332 (1922); Reynolds v. United States, 292 U.S. 443, 54 S.Ct. 800, 78 L.Ed. 1353 (1934); Holt v. Morgan, 128 Cal.App.2d 113, 274 P.2d 915 (1954); Sitzman v. City Board of Education of City of Eureka, 61 Cal.2d 88, 37 Cal.Rptr. 191, 389 P.2d 719 (1964).

■ Allowing credit upon the sentence for the pre-sentence confinement time, although such time occurred before the effective date of the Act, would not require retroactive application of the Act; the reason being that the conviction and sentence occurred after the Act became effective and pre-sentence confinement would constitute merely an occurrence upon which the Act would operate.

Appellee cites State v. Padilla, 78 N.M. 702, 437 P.2d 163 (Ct.App.1968) as authority for the proposition that the Act in question is to be applied prospectively only. Padilla is not applicable here for the reason that in Padilla defendant was convicted and sentenced before the Act (§ 40A–29–25) became effective. State v. Luna, 79 N.M. 307, 442 P.2d 797 (Ct.App.1968) is not contrary to the result here reached. In Luna as in Padilla, defendant was convicted and sentenced prior to the effective date of the Act.

Defendant was convicted and sentenced after § 40A–29–25, supra, became effective. Under the statute, he is entitled to credit on his sentence for time spent in pre-sentence confinement in connection with the worthless check charge of which he was convicted.

From the record before us, we cannot determine the extent of his pre-sentence confinement in connection with the worthless check charge; nor can we determine whether he has been denied any credit to which he is entitled in connection with that charge. Accordingly, the order denying relief is reversed. The cause is remanded to the District Court with instructions to determine, consistent with this opinion, whether defendant is entitled to additional credit against his sentence.

It is so ordered.

OMAN and WOOD, JJ., concur.