COLE, Judge.
The only issue before us on this appeal is the plaintiff-appellant’s eligibility for the sick leave benefits provided • in La.R.S. 17:1201(C).
The facts of this case are not disputed. The plaintiff, Eddie J. Drew, was a teacher of mathematics and general science at Scenic High School, which is a part of the Louisiana Training Institute in East Baton Rouge Parish. On January 15, 1976, plaintiff, while engaged in his teaching duties, was assaulted and battered by a student. The resultant injury totally incapacitated plaintiff and has prevented his returning to his job since that date. It was stipulated by counsel that Scenic High School is accredited by the State of Louisiana and that it is supported solely by public funding.
Plaintiff brought suit seeking to recover his full salary during the period of his disability. The basis of his claim is La.R.S. 17:1201(C).
C. Any teacher and superintendent of the public schools who is injured and incapacitated while acting in his official capacity as a result of assault by any student or person shall receive sick leave without reduction in pay and without reduction in accrued sick leave days while incapacitated as a result of such assault and battery; provided, however, that such a teacher shall be required to present a certificate from a physician certifying such injury and incapacitation. The sick leave authorized by the Subsection shall be in addition to all other sick leave authorized in this Section, provided that additional sick leave for incapacity as a result of assault and battery shall not be accumulated from year to year, nor shall such additional sick leave be compensated for at death or retirement *130 or compensated for in any manner except as authorized in this Subsection.
The above statute was enacted as Act 55 of 1976 and went into effect on October 1, 1976, eight and one-half months after plaintiffs injury.
The trial court determined that plaintiff was not entitled to the special benefits of R.S. 17:1201(C) since the statute was intended to have a prospective effect only and thus did not provide for injuries occurring prior to its effective date.
On appeal plaintiff does not argue that the statute should be applied retroactively. Rather his position is that a purely prospective application of the law affords him the recovery he seeks. His chief support for this contention is the well-established principle that a statute does not operate retroactively merely because it relates to antecedent events. Reynolds v. United States, 292 U.S. 443, 54 S.Ct. 800, 78 L.Ed. 1353 (1934); State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Louisiana Insurance Guaranty Association v. Guglielmo, 276 So.2d 720 (La.App. 1st Cir. 1973); 82 C.J.S. Statutes § 412; 73 Am.Jur.2d Statutes § 348. While we acknowledge the validity of the above rule, we do not find it dispositive of the case at hand.
In Louisiana Insurance Guaranty Association v. Guglielmo, supra, this court was faced with the issue of whether the liability of the Association extended to claims which arose prior to the effective date of the act which created the Association. We characterized this problem as one relating to legislative intent. Although this court agreed with the Association that the act was not intended to have a retroactive application, it held that the Association was responsible for claims which arose prior to the effective date of the act if the declaration of the insolvency of the insurer came after the effective date.
“We hold the Act intends that the decreeing of an insurer insolvent after its effective date is the sole operative factor upon which the Association’s liability attaches.” Louisiana Insurance Guaranty Association v. Guglielmo, supra at 726.
This decision was based on the particular language used in the act, the overall statutory scheme, the purpose of the law, and the statutory mandate of liberal construction.
In the instant case, the occurrence of the assault resulting in injury and incapacity is the pivotal factor in the operation of the statute. Nothing in the wording, the context, or the purpose of the act indicates to us that the legislature intended for the benefits to cover incapacity resulting from an assault and battery which occurred prior to the effective date of the statute. If this had been the desire of the lawmakers, they could have easily and unequivocally expressed this intent by adding to the phrase “who is injured” words indicating an intent to include those who may have been battered prior to the act’s effective date. They did not do so and, as written, the law is clear and does not afford relief to plaintiff.
For the reasons given above, the judgment of the district court is affirmed. All costs of these proceedings are to be paid by appellant.
AFFIRMED.