625 P.2d 1223

**Helen SUGARMAN, as the Personal Representative of the Estate of Frank Sugarman, Deceased, Appellant,**

v.

**The CITY OF LAS CRUCES and Dona Ana County, New Mexico, and Memorial General Hospital, Appellees.**

**No. 4356.**

Court of Appeals of New Mexico.

July 1, 1980.

---

Glen B. Neumeyer, William L. Lutz, James T. Martin, Jr., Martin, Martin, Lutz & Cresswell, P. A., Las Cruces, for appellant.

John E. Conway and Wayne A. Jordon, Durrett, Conway & Jordon, P. C., Alamogordo, for appellees.

OPINION

WALTERS, Judge.

Plaintiff appeals a summary judgment granted to defendant hospital following her suit against the city, the county, and the hospital under the Tort Claims Act (§§ 41–4–1 through 41–4–25, N.M.S.A. 1978). Earlier summary judgment entered in favor of the city and county are not challenged on this appeal.

These are the underlying facts:

An emergency room doctor at General Hospital misread an electrocardiogram made of plaintiff's decedent who was brought to the hospital on April 3, 1977.

Decedent was advised that the EKG was normal and was discharged with a diagnosis of gastro-intestinal upset. Several hours later decedent was returned to the hospital in a state of cardiac arrest. He died ten months later without ever regaining consciousness.

In May, 1978 the doctor effected a settlement with decedent's widow, appellant here, in return for which a joint tortfeasor's release was executed in his favor. The release contained a reservation of rights against all other tortfeasors. Plaintiff sued the other defendants in October, 1978, alleging liability under the Tort Claims Act.

The trial court expressed its reasons for granting the hospital's motion for summary judgment in a letter opinion to counsel, stating, in effect, that under the Contribution Among Joint Tortfeasors Act the release given to the doctor impaired the hospital's right of indemnity against him and, therefore, it operated to release the hospital as well.

Neither party relies on the effect of the Tortfeasor's Act. Appellee argues that the settlement bars a subsequent suit against the publicly-owned hospital under § 41–4–17 B. Appellant contends, alternatively, that the same section excludes this type of settlement as a barrier to a later action, or that the settlement has no effect at all because settlement was not a bar at the time the alleged malpractice occurred.

We agree that § 41–4–17 B controls our decision. That section provides:

The settlement or judgment in an action under the Tort Claims Act shall constitute a complete bar to any action by the claimant, by reason of the same occurrence against a governmental entity or the public employee whose negligence gave rise to the claim.

The language quoted is that of the 1977 amendment which significantly added "settlement or" to the subsection. The parties' dispute is whether the 1977 amendment applies. If the amended act does not apply, then the fact of settlement has no bearing on the subsequent suit because prior to

708

April 8, 1977, only a judgment barred further proceedings. If it does apply, we must discuss its effect on plaintiff's suit against the hospital.

 On April 3, 1977, five days before the amendment to § 41–4–17 B became effective, the wrong diagnosis resulting from misreading the EKG was made. The injury (death of plaintiff's decedent) and the release executed by the doctor were occurrences after its effective date. New Mexico has held that simply because a statute draws on antecedent facts for its operation, it is not a retroactive statute. *State v. Mears*, 79 N.M. 715, 449 P.2d 85 (Ct.App. 1968). We think that the death and the settlement entered into after the statute was amended bring the issue within the amended language of § 41–4–17 B.

That resolution, however, does not dispose of the matter. The statute refers to a "settlement ... in an action under the Tort Claims Act." It is undisputed that no action was brought against the doctor prior to the settlement having been entered into with him. Both parties have also conceded that the payment made by the doctor was in settlement of a disputed claim; thus, there was no admission of negligence or liability by the doctor-employee.

The Act imposes liability *only* upon the governmental entity and not upon the public employee. The governmental entity is obliged to "provide a defense and pay any settlement or judgment" reached in a Tort Claims suit, § 41–4–4 C, and it has no right to "contribution, indemnity or subrogation" against its employee's non-malicious or nonfraudulent acts which gave rise to the suit. Section 41–4–17 A. We have before us only the *fact* of a settlement, and no indication that it was made by a party liable under the Tort Claims Act or by one who had any authority to settle a claim of liability permitted by the Tort Claims Act.

Under the clear language of the statute and the undisputed facts, there has been no "settlement *under the Tort Claims Act*." It was not, therefore, a settlement of the type to which the statute is addressed. A suit authorized by the statute and brought against the potentially liable governmental entity is not barred by a settlement with one who has no statutory liability to the claimant, nor by a settlement reached with anyone outside the framework of a Tort Claims Act suit.

The summary judgment in favor of the hospital is reversed; the case is remanded for reinstatement upon the trial court's docket.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.