535 So.2d 794 (1988)
Pamela JUNGINA, Plaintiff-Appellant,
v.
Dr. James STAFFORD, Superintendent Monroe City School System, Defendant-Appellee
No. 19760-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
Walter C. Dunn, Jr., Monroe, for plaintiff-appellant.
Jones and Smith Law Offices by Benjamin Jones, Monroe, for defendant-appellee.
Before MARVIN, JASPER E. JONES, and LINDSAY, JJ.
MARVIN, Judge.
In this mandamus action, the plaintiff-teacher in the city school system in Monroe appeals a judgment dismissing, on an exception of no cause of action, her demands to recover wages for five weeks maternity leave which she was granted without pay in 1986.
She contends that the prohibition of LRS 17:1202, either or both before and after its amendment by Act 656 of 1987, prevented the city school system from docking her wages during the leave which she was authorized.
*795 We affirm, holding that the prohibition of § 1202 before Act 656 applied only to parish school boards and that its extended application to city school boards, effective September 1, 1987, is not retroactively applied to plaintiff's 1986 authorized absence.

LAW AND FACTS
Plaintiff apparently used all or most of the sick leave to which she was entitled before she requested and was granted, according to her allegation, "maternity leave... without pay."[1] § 1211 requires city and parish school boards to grant reasonable maternity leave but is silent as to whether such leave is with or without pay. § 1201(A)(1) grants teachers employed by city or parish school boards 10 days of annual sick leave with pay and provides that this leave may be accumulated from year to year if not taken.
Before Act 656 of 1987 amended § 1202 to include city and parish school boards, § 1202 read as follows:
Parish school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence; and only such amount may be deducted as was actually paid to the substitute teacher.
The source of LRS 17:1201 et seq. was Act 215 of 1940 which provided for minimum leave with pay for "all teachers employed in the public schools of this State." § 1 of Act 215. That section originally allowed a "Parish School Board" to grant additional sick leave "without loss of pay, or with such reduction of pay as they [sic] may establish and fix." Former § 1201. § 1201 was amended in 1960 to include city school boards in its authorization. Act 255 of 1960. In 1969, § 1201 was again amended to apply to "all teachers employed by the parish and city school boards of this State." Act 112 of 1969. Four other amendments were made to § 1201 before 1986.
From 1940 until amended by Act 656 of 1987, § 1202 remained unchanged and prohibited only parish school boards from limiting wholly or in part the pay of a teacher to whom leave in excess of the statutory minimum was granted. § 1201, which was often amended after 1940 to authorize city school boards to exercise powers, did not contain the prohibition that was originally provided in § 1202 to limit parish school boards.
The legislature, enacting or amending a statute, is presumed to act deliberately and with full knowledge of all existing laws on the same subject. See Turner v. City of Shreveport, 437 So.2d 961 (La.App. 2d Cir.1983).
We are directed to read and construe words and phrases in statutes according to the common and approved usage of the language (LRS 1:3) and not to disregard the letter of the statute under the pretext of pursuing its spirit when the wording of a statute is clear and free of ambiguity (LRS 1:4). See Gill Trailer & Equip. Rentals, Inc. v. S. D'Antoni, Inc., 282 So.2d 714 (La.1973); Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975).
Since 1940 the legislature has used the terms "public schools of this State," "parish school board," and "parish and city school boards" in § 1201. From 1940 to 1987, however, only the term "parish school boards" appeared in the prohibition of § 1202. The quoted terms are not ambiguous and reflect a distinction made by the Legislature between a parish and a city school board. The legislative history of the statutes from 1940 through 1986 reveals the legislature's deliberate choice to limit the extent to which parish school boards could "establish and fix" pay deductions for teachers during authorized absences after the statutorily mandated leave had been used. The Legislature chose not to limit city school boards in this regard before Act 656 of 1987.
*796 Even if this statutory distinction indicates legislative "oversight" or "error" rather than an accurate expression of the legislature's intent, as plaintiff contends, the statutes are not ambiguous as written. Any "correction" or interpretation designed to remedy statutory inequities between city and parish school boards is the function of the legislature, not of the courts. See and compare Rada v. Administrator, Div. of Emp. Sec., State, D. of L., 319 So.2d 460 (La.App. 4th Cir.1975), writ denied; and Crescionne v. La. State Police Retire. Bd., 455 So.2d 1362 (La.1984).
Even should we assume that the 1987 amendment of § 1202 was intended to be a "correction" rather than a new pronouncement, the amendment imposes a prohibition on city school boards which did not exist before 1987. The effect of the amendment is a substantive reduction of the power of a city school board and cannot relate back to this plaintiff's 1986 authorized leave. See LRS 1:2 and Adcock v. Red River Parish School Board, 250 So.2d 246 (La.App. 2d Cir.1971).
Act 656 does not expressly provide for retroactive application. See LRS 1:2; Drew v. Louisiana Dept. of Corrections, 374 So.2d 129 (La.App. 1st Cir.1979), writ denied; Commercial Credit Claims Ser. v. Richardson, 454 So.2d 177 (La.App. 1st Cir.1984).
We hold that the pre-1987 language of § 1202 that prohibited school boards from making deductions from teachers who were authorized additional leave, applied only to parish school boards. § 1201 allows, but does not require, city school boards to grant additional sick leave, with full or reduced pay, once a teacher has used all of her mandatory sick leave with pay. § 1201 did not and does not limit the amount of pay a city school board can deduct from a teacher's salary if the city board authorized additional leave. § 1202, after the 1987 amendment, imposes that limitation on city school boards.
After the trial court found that § 1202 did not afford her a cause of action and fixed a time for plaintiff to amend her petition, plaintiff did not amend. The trial court correctly dismissed plaintiff's action under CCP Art. 927, 934. See and compare Fairfield Dev. Co. v. Jackson, 438 So.2d 664 (La.App. 2d Cir.1983).

DECREE
At plaintiff's cost, the judgment is AFFIRMED.
NOTES
[1] According to plaintiff's allegations, she requested but was denied "additional sick leave" and then requested and was granted "maternity leave which the Monroe City School System treats as leave without pay."