ALFORD, Judge.
The plaintiff, Jack/Wade Drilling, Inc. (Jack/Wade), appeals the trial court’s judgment in favor of the governmental body defendants, the City of Baton Rouge, the Parish of East Baton Rouge, the East Baton Rouge Parish School Board and the City-Parish Department of Finance,[1] whereby the court dismissed plaintiff’s suit to recover use tax payments made under protest to the City-Parish.
FACTUAL BACKGROUND
The facts of this case are not in dispute. According to the stipulated facts, Jack/Wade, who is engaged in the business of drilling oil and gas wells, purchased a drilling rig (Drilling Rig No. 3) and paid sales tax to Acadia Parish tax authorities in the amount of $31,808.12, which represents a rate of one percent of the full selling price of the rig. Sometime later, *674 Drilling Rig No. 3 was used in East Baton Rouge Parish. The City-Parish assessed Jack/Wade with a use tax in the total sum of $15,571.88, $10,618.85 of which represented two percent of the fair market value of Jack/Wade’s rig at the time of its use within the parish, as determined by the City-Parish’s appraiser. The City-Parish’s use tax rate at the time was three percent; however, the City-Parish granted Jack/Wade a one percent credit, based on the fair market value of the rig at the time of its use within East Baton Rouge Parish. The balance of the assessment was composed of a penalty in the amount of $2,654.71, an additional penalty in the amount of $530.94 and interest in the amount of $1,767.38. Jack/Wade paid the full assessment, under protest, and by letter dated May 23, 1986, advised the City-Parish that it would file suit to recover its payment.
PROCEDURAL HISTORY
Jack/Wade filed suit against the City-Parish on June 23, 1986, to recover the total amount paid to the City-Parish under protest, plus two percent interest per year from May 23, 1986, and costs. Jack/Wade contended that the City-Parish failed to allow the correct credit of $31,818.12 paid as a like or similar tax to be applied against the use tax due to the City-Parish under local ordinances. Jack/Wade claimed that a proper allocation of credit would relieve it of all use tax liability on Drilling Rig No. 3. At a hearing on a motion for summary judgment filed by plaintiff, the trial court not only denied the motion but decided the case on the merits in favor of the City-Parish since all of the facts were stipulated. The court signed a judgment on October 27, 1988, dismissing plaintiff’s claims with prejudice and at plaintiff’s cost. Jack/Wade then perfected this appeal, alleging that the trial court erred in concluding that, as a matter of law, the City-Parish ordinance provides that, when a taxpayer has paid a like or similar tax in another city or parish of Louisiana, the taxpayer is to be given credit against the tax imposed by the ordinance on a percentage levied basis as opposed to a dollars paid basis. Jack/Wade also claims that in addition to refunding the amount paid to the City-Parish, the City-Parish must pay Jack/Wade two percent interest on the $15,571.88 from May 23, 1986, until paid in full. The City-Parish did not appeal or answer the appeal.
CREDIT: DOLLARS YS. PERCENT
Both Jack/Wade and the City-Parish stipulated that the applicable local taxing ordinance provides in pertinent part:[2]
The provisions of this ordinance shall not apply in respect to the use, or consumption, or distribution, or storage of tangible personal property for use or consumption, in this parish, upon which a like tax equal to or greater than the amount imposed by this ordinance has been paid in another city or parish in Louisiana, or in a city or county in a state other than Louisiana, the proof of the payment of such tax to be according to the rules and regulations made by the Superintendent. If the amount of tax paid in a city or parish in Louisiana, or in a city or county in a state other than Louisiana, is not equal to or greater than the amount of tax imposed by this ordinance, then the dealer shall pay to the East Baton Rouge Parish School Board an amount sufficient to make the tax paid in the other city or parish in Louisiana, or in the other city or county in a state other than Louisiana, and in this parish equal to the amount of tax imposed by this ordinance. (Emphasis ours.)
Both parties also stipulated that Acadia Parish’s taxing ordinance contains a similar credit allowance.
The City-Parish’s authority for its credit ordinance derives from Title 33 of the Revised Statutes, specifically La.R.S. 33:2718 and its subparts which deal with refunds and credits for overpayment of local taxes. *675 The subpart dealing with credit for monies paid, La.R.S. 33:2718.2 states:
A. A credit against the sales and use tax imposed by any political subdivision of the state shall be granted to a taxpayer who paid monies, whether or not paid in error absent bad faith, based upon a similar tax, levy, or assessment upon the same tangible personal property in a political subdivision of another state, or a political subdivision of this state.
B. The credit provided herein for monies paid to a political subdivision of another state shall be granted only in the case where the political subdivision of another state to which monies have been paid grants a similar credit. The credits granted by this provision shall not exceed the amount of money paid to a political subdivision of another state, or political subdivisions of this state.
C. The proof of payment to a political subdivision of another state, or a political subdivision of this state shall be made in accordance with the rules adopted by the secretary of the Department of Revenue and Taxation under R.S. 47:303(A). In no event shall the credit be greater than the tax imposed by the political subdivision upon the particular tangible personal property that is the subject of the sales and use tax. (Emphasis ours.)
Jack/Wade claims that the above statute and ordinance provide clearly that the credit provision is to be applied on a dollars (monies) paid basis for taxpayers who have paid a like or similar tax, rather than a percentage levied basis. The City-Parish contends that Jack/Wade is only due a credit for the one percent tax paid to Acadia Parish on the same value, i.e. the depreciated value, taxed by the City-Parish rather than a credit for the one percent tax ($31,808.12) previously paid on the undepre-ciated sales price. This question appears to be res nova.
Even though the City-Parish claims that the tax collected by Acadia Parish and the amount sought by the City-Parish are not “like taxes” since the values at time of each tax assessment were not the same, it is apparent that both assessments fall within the sales/use tax category and are similar or “like” taxes for the purpose of assessments and credits. In fact, the City-Parish admits that Jack/Wade is due a credit for at least a portion of the tax paid to Acadia Parish; thereby agreeing that the tax paid to Acadia falls within the “like” tax provisions of the local ordinance.
Thus, the issue presented for decision can be stated as whether the local ordinance in question clearly provides that the credit provision for like taxes paid to another Louisiana political subdivision is to be applied on a dollars paid basis. After a thorough review of the applicable statutes and ordinances, we agree with the plaintiff that credit is to be applied on a dollars paid basis, and reverse the trial court.
In reaching this determination, we applied the principles set forth in La.Civ.Code art. 9 that when a law is clear and unambiguous, and its application does not lead to absurd consequences, the law shall be applied as written, and in La.Civ.Code art. 11 that the words of a law must be given their generally prevailing meaning. We also took into consideration the requirement that exemptions from taxation, including credits, are exceptional privileges which must be expressly and clearly conferred in plain terms, and are strictly construed against the taxpayer. McNamara v. Central Marine Service, Inc., 507 So.2d 207 (La.1987); Ethyl Corporation v. Collector of Revenue, 351 So.2d 1290 (La.App. 1st Cir.1977), writ denied, 353 So.2d 1035 (La.1978).
The local ordinance credit provision provides that there is to be no use tax on tangible personal property upon which a like tax equal to or greater than the amount imposed by the local ordinance has been paid in another parish of Louisiana. If the amount of tax that was previously paid is not equal to or greater than the amount of tax imposed locally, then the taxpayer has to pay the difference to the City-Parish. The generally prevailing meaning of the word “amount” is the aggregate, sum or the total number of quantity, which in the context of the above *676 ordinance translates into dollars, not percentage. In fact, it is common to see references to “_percent of the amount” in jurisprudence. Additionally, a review of jurisprudence dealing with the word “amount” indicates it refers to dollars. See Louisiana Association of Planning and Development Districts v. Treen, 435 So.2d 1003, 1007 (La.App. 1st Cir.1983), amount appropriated as used in statute encompasses funds derived from federal as well as state sources; Parish of Jefferson v. Paciera, 496 So.2d 266, 269 (La.1986), amount in dispute refers to potential loss as expressed in dollars: Stell v. Caylor, 223 So.2d 423, 426 (La.App. 3d Cir.), writ refused, 254 La. 778, 226 So.2d 770 (1969), amount due in statute referred only to wages.
Moreover, La.R.S. 33:2718.2 provides that the credits granted to taxpayers who have previously paid monies based on a similar tax upon the same tangible personal property to another political subdivision shall not exceed the amount of money paid. Thus, it is apparent that it is the intent of the state statute to apply tax credits on a dollars paid basis.
We find the wording in the local ordinance to clearly confer a tax credit to a taxpayer on a dollars paid basis. Such a determination gives the words of the ordinance their generally prevailing meaning and the application of the ordinance in this manner does not lead to absurd consequences.
Because we have found that Jack/Wade should prevail on the credit issue, we must address their request for two percent interest from May 23, 1986, until reimbursement is made to Jack/Wade.
According to Section 15(a) of the Sales and Use Tax Ordinance in effect at the time of this suit, if the suit to recover taxes paid is timely filed and if the taxpayer prevails, the amount paid in error shall be refunded, with interest, at the rate of two percent per annum from date of payment until refund. The City-Parish did not challenge or refute Jack/Wade’s contention that interest would be due in the event that Jack/Wade prevailed on appeal. Therefore, having found that no taxes were due to the City-Parish, we grant Jack/Wade’s demand for two percent interest from May 23, 1986, until reimbursement.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court in its entirety, find in favor of the plaintiff, Jack/Wade Drilling, Inc. and render judgment as follows:
Judgment is hereby ordered in favor of Jack/Wade Drilling, Inc. and against the City of Baton Rouge, Louisiana, East Baton Rouge Parish, Louisiana, the East Baton Rouge Parish School Board and the Department of Finance, City of Baton Rouge, Parish of East Baton Rouge in the amount of $15,571.88, plus two percent interest from May 23, 1986, until paid in full, and district court costs in the amount of $268.15 and appellate court costs in the amount of $204.20.
REVERSED AND RENDERED.

. All future references to the defendants will be shortened to City-Parish.

. According to the Code of Ordinances of the City-Parish, Title 9, Chapter 1, Part VII, a new Sales and Use Tax Ordinance is adopted every December.