MARVIN, Chief Judge.
In this action to recover $48,833 paid in protest through the defendant tax commission to the City of Shreveport as a use tax, the protesting taxpayer-contractor appeals a judgment granting summary judgment in favor of the commission and denying the contractor’s cross-motion for summary judgment in which the contractor sought credit against the city’s use tax for sales tax paid the Caddo Parish School Board.
Applying LRS 33:2718.2 A, the credit statute, as it clearly read during the time in question, we reverse and render summary judgment in favor of the contractor. See Jack/Wade Drilling v. Baton Rouge, 558 So.2d 673 (La.App. 1st Cir.1990), writ denied; Hildebrand v. City of New Orleans, 549 So.2d 1218 (La.1989), U.S. cert. denied; and Jungina v. Stafford, 535 So.2d 794 (La.App. 2d Cir.1988).
PACTS AND ISSUES
The defendant, a commission which is the auditing and collecting authority for Caddo Parish, Caddo Parish School Board and the City of Shreveport, will be referred to as the Commission.
The litigants do not dispute the material facts. Shreveport, Caddo Parish, and the Caddo Parish School Board are political subdivisions of the state, each separate and distinct from the others. Both the Caddo School Board and the City impose a sales and use tax on tangible personal property purchased or used within its boundaries.
LRS 33:2718.2 A, as it read between 1983 and 1991, provided:
A credit against the sales and use tax imposed by any political subdivision of the state shall be granted to a taxpayer who paid monies [sic] ... based upon a similar tax, levy, or assessment upon the same tangible personal property in a ... political subdivision of this state.
The contractor, a road and bridge builder whose facilities and offices are in Caddo Parish, but not within the city limits of Shreveport, purchased equipment, some of which it later used before April 30,1990, on highway construction projects within Shreveport.
When the equipment was purchased the contractor paid sales taxes due under state law (4 percent on the sales price) and under a Caddo Parish School Board ordinance (1.5 percent on the sales price). No sales tax was owed Shreveport because the sale occurred outside the city limits. When the contractor later used some of that equipment in Shreveport, the contractor, after an audit by the Commission, was assessed with the two percent city use tax, which it paid under protest, claiming a refund of $48,833 for the credit under § 2718.2 A for the amount of sales tax paid the Caddo School Board.
The Commission denied the credit, citing the Shreveport sales and use tax ordinances, which ordinances impose the use tax “the same as if [the] article has been sold at retail for use or consumption in this city,” and allow credit against the use tax “to taxpayers who have paid a similar tax upon the sale or use of the same [article] in another city or parish in the state ... which ... grants a similar credit ...” Our emphasis. The credit provision in the City ordinance cannot be reconciled with LRS 33:2718.2 A if the ordinance is construed to read that the credit shall be granted to taxpayers who paid a similar tax on the sale or use of the same article either “in another city or [a parish other than Caddo Parish],” or “in another city or [another] parish.”
The Commission contends that if the credit sought by Netherton under § 2718.2 A is granted, Netherton’s total tax burden on equipment purchased outside the City and brought into the City for use will be only six percent (4 percent state sales tax, 1.5 percent parish school board sales tax and 0.5 percent city use tax, after the credit is granted), while a contractor who buys equipment in the City will bear a total tax burden of 7.5 percent (4 percent state sales tax, 1.5 percent parish school board sales tax and 2 percent city sales tax).
The Commission further illustrates that a DeSoto Parish contractor, who pays a *24 DeSoto Parish school board two percent sales and use tax when he purchases equipment which he later uses in Shreveport, also bears a total tax burden of 7.5 percent (4 percent state sales tax, 2 percent DeSoto Parish school board sales tax, and 1.5 percent Shreveport use tax, after credit is given for the DeSoto Parish school board sales tax).
The Commission concedes that it would grant a DeSoto contractor credit against the City use tax and against the Caddo Parish school board use tax for the amount of the DeSoto Parish school board sales tax the contractor paid when he purchased the equipment that became subject to the use taxes when it was later used in Shreveport, in Caddo Parish.
This concession renders clearly wrong the Commission’s contentions relative to “similar taxes” and these responsive findings of the trial court:
The sales and use tax imposed by the [Caddo Parish] School Board is not a “similar tax” to the sales and use tax imposed by the City, and therefore, R.S. 33:2718.2(A) is not applicable to the instant case. The School Board sales and use tax ... is ... imposed by a School Board parish wide for educational purposes. The sales and use tax ... imposed by the City is ... imposed by a municipality. These two taxes are not “similar taxes,” as contemplated by ... [§] 2718.2(A).
Trial Court’s reasons
and emphasis. Our brackets.
The legislature amended § 2718.2 A in 1991 to correspond with the Commission’s contentions about similarity, by allowing the credit “only ... when a similar taxing authority is seeking to impose and collect a similar tax, levy or assessment from a taxpayer upon the same tangible personal property for which the taxpayer has paid a similar tax, levy or assessment to a similar taxing authority.” The term “similar taxing authority” was defined in a newly-added subsection F as “a political subdivision having and performing the same governmental functions as the political subdivision seeking to impose the sales or use tax.”
The legislature declined, however, to make the amending act, No. 621 of 1991, retroactive. House Ways and Means Committee meeting, June 17, 1991, transcript filed as Plaintiff’s Exhibit 1. Compare Vermilion Parish Sch. Bd. v. Weaver Explor., 474 So.2d 1032 (La.App. 3d Cir.1985), writ denied. Consequently, we do not apply Act 621 of 1991 to this case, or express an opinion about its effect on these circumstances.
Parishes, municipalities and school boards are instrumentalities of the state, creations of the legislature. The powers they wield are only those delegated to them by the Constitution and the state statutes. Accordingly, local taxing ordinances cannot be understood in isolation from the constitutional and state statutory grants and limitations which gave rise to the local authority in the first instance. Oreck, Louisiana Sales & Use Taxation, § 1.4[1] (State Tax Press 1992); citations omitted. Parishes, school boards and municipalities imposing a sales and use tax may not do so more broadly than does the state. Exemptions enacted after June 29, 1978, may not be subject to this general rule. See Oreck, cited supra, § 1.2.
In our opinion, LRS 33:2718.2 A is clear. The City of Shreveport, like Caddo Parish, is a “political subdivision” of the state, each being separate and distinct from the other. The respective sales and use tax ordinances of each, during the period in question, “impose a similar tax, levy or assessment upon the same tangible personal property in a political subdivision of this state.” Substituting the statutory terms to conform to the circumstances of this record, we read the mandate of § 2718.2 A as follows:
A credit against the sales and use tax imposed by [the City of Shreveport] shall be granted to [the Caddo Parish contractor] who paid monies [sic] ... based upon [the sales and use tax] upon the same tangible personal property in [Caddo Parish].
*25 CONSTITUTIONALITY
The Commission contends that to interpret the statute as we have done defeats the goal of uniformity inherent in the pattern or scheme of the sales and use tax statutes and local ordinances, and that such an interpretation unconstitutionally discriminates in favor of this contractor and against other contractors located elsewhere.
The Commission reasons that the Caddo contractor would pay a lesser percentage of total sales and use taxes, while competing contractors elsewhere, either in the City or in another parish or state, would pay a greater percentage, and that such a result is both a violation of the Commerce Clause of the U.S. Constitution and of LSA-Const. Art. 1, § 3, which guarantees equal protection of the law.
This case involves intrastate circumstances and does not squarely present a federal commerce clause issue, as did Pensacola Const. Co. v. McNamara, 558 So.2d 281 (La.1990), cited by the Commission. In any event, § 2718.2, as written and as applied by the Commission, grants the same credit for sales or use taxes paid to political subdivisions of other states as it does for similar taxes paid to political subdivisions of this state, provided the other political subdivision grants a similar credit. § 2718.2 A, B.
The logic of the Commission’s equal protection argument also escapes us. We have mentioned that the Commission concedes it would give credit against the amount of use tax assessed by the Caddo Parish School Board (1.5 percent) and by the City of Shreveport (2 percent) to a rural DeSoto Parish contractor who paid a 2 percent school board sales tax to DeSoto Parish on equipment that the contractor purchased at its domicile and then used within the City of Shreveport, while disallowing the credit to a rural Caddo Parish contractor under the same circumstances. The Commission concedes that it would grant the credit in the same manner to an out-of-state contractor if the political subdivision of the other state grants a similar credit.
The Commission does not argue that the credit is on the percentage assessed instead of on the amount paid. No contractor in the above examples would owe the City a tax, except for the use of his equipment within the City. See and compare Jack/Wade Drilling, cited supra.
Under the parish and city tax ordinances applicable here, the respective taxing authorities may tax either, but not both, the sale or the use of tangible personal property within their jurisdictional limits. See also Oreck, cited supra, § 2.7[1]. Nether-ton, the plaintiff-Caddo contractor, who paid the Caddo Parish school board sales tax on the equipment in question, cannot be assessed with the Caddo Parish school board use tax on that equipment notwithstanding that the equipment was used in Shreveport, in Caddo Parish.
By contrast, a DeSoto contractor who has paid the DeSoto Parish school board sales tax on equipment he purchases in DeSoto Parish and then uses in Shreveport, Caddo Parish, may be assessed with use tax on that equipment by both the Caddo Parish School Board and the City of Shreveport, subject to credit for the sales tax paid in DeSoto Parish.
An out-of-state contractor may be similarly assessed with sales tax in the city or county where he purchases equipment outside Louisiana, and with use tax by both the Caddo Parish School Board and the City of Shreveport when he uses the equipment in Shreveport, Caddo Parish. The contractor receives credit for the taxes he paid outside Louisiana if the out-of-state taxing authority grants a similar credit.
Neither the DeSoto contractor nor the out-of-state contractor in these examples is assessed with a use tax by the same taxing authority to which he has already paid a sales tax on the same equipment. The circumstance that other contractors may bear a greater total tax burden than does plaintiff-Netherton (7.5 percent v. 6 percent, in the Commission’s examples) arises from the legal prohibition against Nether-ton’s being assessed with both a sales tax and a use tax on the same equipment by the Caddo Parish School Board.
*26 Whatever the anomaly, if any, m literally interpreting § 2718.2 A, as perceived by the Commission, the interpretation does not reach absurdity. Many tax laws, including those that impose a percentage tax in local sales and use tax ordinances, as well as the taxpayers, by classification, and property, by description or classification, to which the local sales and use tax ordinances apply within respective political subdivision boundaries, are not “uniform” in the broad sense.
The constitutionality of the inheritance tax levied by the City of New Orleans was recently upheld against many attacks, including those that are here suggested by the Commission. In tax cases, differences in the treatment, selection or classification of persons or property may be . upheld so long as the discrimination is not invidious, unreasonable or oppressive, but is founded on just and equitable distinctions. Hildebrand v. City of New Orleans, supra, at 1225, discussing state and federal authorities. The Commission does not suggest to us anything invidious, unreasonable or oppressive by our applying what is clearly written in § 2718.2 A.
We are directed to read and construe words and phrases in statutes according to the common and approved usage of the language (LRS 1:3) and not to disregard the letter of the statute under the pretext of pursuing its spirit when the wording of a statute is clear and free of ambiguity (LRS 1:4). Jungina v. Stafford, supra. The credit mandate of the state statute during the time in question is clear and unambiguous.
We must presume constitutionality and that the legislation allowing a taxpayer credit against use tax assessed by one political subdivision on the same property on which the taxpayer paid sales tax in another political subdivision, was founded on just and equitable distinctions. See Hildebrand, cited supra. The legislature made no distinction between “political subdivisions” in a common parish and those in another parish. Neither shall we.
DECREE
Summary judgment in favor of the defendant is reversed. Plaintiffs motion for summary judgment is granted. Accordingly, the Caddo-Shreveport Sales and Use Tax Commission is ordered to remit and return to Netherton Company, Inc., the amount of $48,832.59, plus interest at the per annum rate established by CC Art. 2924 B(3), from January 7, 1991, until paid, as mandated by LRS 33:2718(2). Costs are assessed to defendant.
REVERSED AND RENDERED.